## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NYMBUS, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-01113 (JAM) |
| | ) | |
| SCOTT SHARP, | ) | |
| | ) | |
| Defendant/Counterclaimant | ) | |

------------------------------------------------------)-----------------------------------------------------

| | | |
|---|---|---|
| SCOTT SHARP, | | |
| | ) | |
| Third-party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NYMBUS, INC., SCOTT KILLOH, | ) | |
| HARRY FLOOD, | ) | |
| | ) | |
| Third-party Defendants | ) | September 17, 2018 |


## MEMORANDUM OF LAW IN OPPOSITION TO
## SCOTT SHARP'S PARTIAL MOTION FOR SUMMARY JUDGMENT

**Fox Rothschild LLP**

Scott L. Vernick
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215)-299-2150

John A. Wait
Alexandra L. Sobol
101 Park Avenue, 17th Floor
New York, NY 10018
Tel: (212) 878-7900

*Attorneys for Nymbus, Inc.,*
*Scott Killoh, and Harry Flood*

**Robinson & Cole, LLP**

John H. Kane
Kathleen Elizabeth Dion
280 Trumbull St.
Hartford, CT 06103
Tel: (860)-275-8231

*Attorneys for Nymbus, Inc.,*
*Scott Killoh, and Harry Flood*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD OF REVIEW ................................................................................................... 2

    1.    The Court Should Deny Sharp's Partial Motion For Summary Judgment
        Because Sharp Does Not Seek A Judgment On Any Claim. ................................... 3

    2.    The Court Should Deny Sharp's Partial Motion For Summary Judgment On
        The Issue Of An FLSA Exemption. ....................................................................... 7

    3.    The Court Should Deny Sharp's Partial Motion For Summary Judgment On
        The Issue Of His Alleged Good Reason To Terminate His Employment
        Agreement. ............................................................................................................ 11

CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987*,
  979 F. Supp. 164 (E.D.N.Y. 1997) .............................................................................................4

*Air Express Int'l v. Log-Net, Inc.*,
  No. CV121732MASTJB, 2016 WL 5334659 (D.N.J. Sept. 22, 2016) .....................................4

*Alaniz v. Zamora-Quezada*,
  591 F.3d 761 (5th Cir. 2009) ..................................................................................................13

*Arado v. Gen. Fire Extinguisher Corp.*,
  626 F.Supp. 506 (N.D. Ill. 1985) ..........................................................................................4, 7

*Breaux v. City of Garland*,
  205 F.3d 150 (5th Cir. 2000) .............................................................................................13, 14

*Brod v. Omya, Inc.*,
  653 F.3d 156 (2d Cir. 2011)......................................................................................................2

*Brown v. Suncoast Skin Sols., Inc.*,
  No. 617CV515ORL28TBS, 2017 WL 2361649 (M.D. Fla. Apr. 26, 2017) .............................8

*Capital Records, Inc. v. Progress Record Distributing, Inc.*
  106 F.R.D. 25 (N.D. Ill. 1985)..................................................................................................4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)................................................................................................................3, 5

*City of Wichita v. United States Gypsum Co.*,
  828 F.Supp. 851 (D. Kan. 1993), *aff'd in part and rev'd in part, remanded*, 72
  F.3d 1491 (10th Cir. 1996) .....................................................................................................4, 6

*Coffen v. Washington Convention & Sports Auth.*,
  271 F. Supp. 3d 211 (D.D.C. 2017)........................................................................................11

*Contrera v. Langer*,
  314 F. Supp. 3d 562 (S.D.N.Y. 2018)....................................................................................10

*Culpepper Enterprises Inc. v. Parker*,
  No. 2016-CA-01771-CQA, 2018 WL 3738178 (Miss. Ct. App. Aug. 7, 2018) .....................8

*DeAngelis v. City of Bridgeport*,
  No. 3:14-CV-01618 (JAM), 2017 WL 3880762 (D. Conn. Sept. 5, 2017) ............................14

ii

*Donovan v. Agnew,*
   712 F.2d 1509 (1st Cir. 1983)..................................................................................7

*Doty v. Sun Life Assur. Co. of Canada,*
   No. CIV.A. H-07-3782, 2009 WL 3046955 (S.D. Tex. July 30, 2009) ...................4

*Encino Motorcars, LLC v. Navarro,*
   138 S.Ct. 1134 (2018)..............................................................................................9

*Esparza v. Univ. of Texas at El Paso,*
   471 S.W.3d 903 (Tex. App. 2015)..........................................................................13

*Evergreen Int'l v. Marinex Const. Co.,*
   477 F.Supp. 2d 697 (D.S.C. 2007)............................................................................3

*Felix v. Sun Microsystems, Inc.,*
   No. CIV. JFM-03-1304, 2004 WL 911303 (D. Md. Apr. 12, 2004) .........................4

*Franklin-Mason v. Penn,*
   259 F.R.D. 9 (D.D.C. 2009)......................................................................................3

*Galabya v. New York City Bd. of Educ.,*
   202 F.3d 636 (2d Cir.2000).....................................................................................14

*Greene v. Life Care Ctrs., Inc.*
   586 F.Supp.2d 589 (D. S.C. 2008)............................................................................3

*Guilbert v. Gardner,*
   480 F.3d 140 (2d Cir. 2007).....................................................................................2

*Home Design Servs., Inc. v. Schroeder Const.,*
   No. 09-CV-01437-WJM-GJR, 2012 WL 527202 (D. Colo. Feb. 16, 2012) ............4

*Isovolta, Inc. v. ProTrans Int'l, Inc.,*
   780 F.Supp.2d 776 (S.D. Ind. 2011)..........................................................................5

*J.M. Davidson, Inc. v. Webster,*
   128 S.W.3d 223 (Tex. 2003)...................................................................................13

*Joseph v. Leavitt,*
   465 F.3d 87 (2d Cir. 2006)................................................................................13, 14

*Kwan v. Andalex Group., LLC,*
   737 F.3d 834 (2d Cir. 2013).....................................................................................2

*Mathewson v. Lincoln Nat'l Life Ins. Co.,*
   518 F.Supp. 2d 657 (D.S.C. 2007)............................................................................4

iii

*Mehrkar v. Schulmann*,
    No. 99 CIV. 10974 (DC), 2001 WL 79901 (S.D.N.Y. Jan. 30, 2001) ....................................10

*N.J. Auto Ins. Plan v. Sciarra*,
    103 F.Supp.2d 388 (D.N.J. 1998) .............................................................................................4

*Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2nd Cir. 2013)...........................................................................................10, 11

*Newman-Green Inc. v. Alfonzo-Larrain*,
    612 F.Supp. 1434 (N.D. Ill. 1985) ..........................................................................................4

*Nye v. Roberts*,
    159 F.Supp. 2d 207 (D. Md. 2001), *vacated and remanded on other grounds*,
    47 Fed. Appx. 247 (4th Cir. 2002).......................................................................................4, 6

*Peltier v. United States*,
    388 F.3d 984 (6th Cir.2004) ...................................................................................................14

*Pioch v. IBEX Eng'g Servs., Inc.*,
    825 F.3d 1264 (11th Cir. 2016) ..........................................................................................7, 10

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014).......................................................................................................2

*Roshon v. Eagle Research Grp., Inc.*,
    314 F. Supp. 3d 852 (S.D. Ohio 2018) ...............................................................................9, 10

*Rutherford Food Corp. v. McComb*,
    331 U.S. 722 (1947)...................................................................................................................7

*Silicon Knights, Inc. v. Epic Games, Inc.*,
    No. 5:07-CV-275-D, 2011 WL 1134453 (E.D.N.C. Jan. 25, 2011)..........................................5

*Singletary v. Mo. Dep't of Corr.*,
    423 F.3d 886 (8th Cir.2005) ...................................................................................................14

*Soto v. Armstrong Realty Mgmt. Corp.*,
    No. 15CIV9283AJNJCF, 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016)................................10

*Stefanelli v. Lab. Corp. of Am. Holdings*,
    No. 3:03CV1366DJS, 2005 WL 1294473, 2005 U.S. Dist. LEXIS 10332 (D.
    Conn. May 27, 2005) .....................................................................................................2, 11, 12

*Timm v. Advanced Eng'g Sols., Inc.*,
    No. A-12-CV-227 ML, 2014 WL 12649850 (W.D. Tex. Mar. 18, 2014)..............................7, 8

*Von Gunten v. Maryland,*
    243 F.3d 858 (4th Cir.2001) ....................................................................................14

*Vt. Teddy Bear Co. v. 1-800 Beargram Co.,*
    373 F.3d 241 (2d Cir. 2004).....................................................................................3

*Whataburger Restaurants LLC v. Cardwell,*
    No. 08-13-00280-CV, 2017 WL 3167487 (Tex. App. July 26, 2017) ....................13

*William Powers v. Emcon Assocs., Inc.,*
    No. 14-CV-03006-KMT, 2017 WL 4102752 (D. Colo. Sept. 14, 2017)..................4

*Williams v. R.H. Donnelley, Corp.,*
    368 F.3d 123 (2d Cir. 2004).....................................................................................2

**Statutes**

Fair Labor Standards Act of 1938, as amended, 28 U.S.C. § 201 et seq.............1, 6, 7, 8, 9, 10, 11

**Other Authorities**

29 C.F.R. §541.601 ......................................................................................................8

29 C.F.R. §541.601(b)(1)..............................................................................................8

10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
    § 2737 (4th ed. 2017)................................................................................................6

Fed. R. Civ. P. 56....................................................................................................2, 3, 4, 5, 6, 7

## PRELIMINARY STATEMENT

Defendant/Counterclaim Plaintiff Scott Sharp improperly moves this Court for partial summary judgment on one issue related to his FLSA claim (counterclaim no. 4), and one issue related to both his claim for breach of contract (counterclaim no. 11) and Nymbus' request for a declaratory judgment (count 3 of Nymbus' complaint). Sharp asks this Court to rule as a matter of law that he is not an exempt employee under the FLSA and that he had "good reason" to terminate his Employment Agreement. The request is improper because the Federal Rules do not permit a movant to seek "summary judgment" on issues. For that reason, the vast majority of courts that have faced this type of motion have denied it on procedural grounds. This Court should therefore deny Sharp's motion because it is procedurally deficient.

The Court should also deny Sharp's motion for the additional reason that counterclaim no. 4 (alleged FLSA violation), and counterclaim nos. 1 and 11 (alleged breaches of an Employment Agreement) are alternative means of recovery. Under counterclaim nos. 1 and 11, respectively, Sharp can only recover if he proves that his Employment Agreement is valid and enforceable, and entitles him to a salary of $300,000 a year. But, if Sharp satisfies this burden of proof, and recovers the damages he seeks under counterclaim nos. 1 and 11 (or even just under counterclaim no. 1), then such a recovery precludes Sharp from any recovery under the FLSA. At a minimum, Sharp's contention that he is a non-exempt employee under the FLSA would be moot.

Sharp's motion as to his status under the FLSA also fails because Sharp himself has created disputed issues of material fact. Sharp identifies Exhibit A to the Nymbus' complaint as a valid and enforceable Employment Agreement that Sharp contends entitles him to an annual salary of $300,000. If he is correct on this point, then Sharp is a highly compensated employee

who, again, cannot recover any damages under the FLSA.   As such, the Court should decline Sharp's invitation to issue rulings on alternative and inconsistent sets of facts.

Finally, Sharp's reliance on *Stefanelli v. Lab. Corp. of Am. Holdings*, No. 3:03CV1366DJS, 2005 WL 1294473, at *1, 2005 U.S. Dist. LEXIS 10332 (D. Conn. May 27, 2005) for an argument that he had "good reason" to terminate his Employment Agreement is misplaced.   The District Court in *Stefanelli* analyzed multiple contracts governed by Connecticut law; here, Texas law governs Sharp's Employment Agreement.   The contract in *Stefanelli* provided that the employee could terminate his employment with "good reason" if the employer made certain changes to the conditions of his employment – but unlike Sharp's Employment Agreement – the changes did not need to be "material" or "adverse."   As such, this Court should not rely on *Stefanelli* because it does not analyze Texas law and the contractual provision at issue is materially different than the dispositive provision in Sharp's Employment Agreement.

For these reasons, further discussed below, the Court should deny Sharp's motion for partial summary judgment.

### STANDARD OF REVIEW

The Court should only grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same). "A genuine dispute of material fact 'exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor.'" *Kwan v. Andalex Group., LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (*quoting Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

"In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and

2

draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004). The moving party bears the burden of showing that no genuine issues exist as to any material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("It is the movant's burden to show that no genuine factual dispute exists.").

## ARGUMENT

### 1.     The Court Should Deny Sharp's Partial Motion For Summary Judgment Because Sharp Does Not Seek A Judgment On Any Claim.

The Court should deny Sharp's motion because it does not seek a judgment on any purported claim that Sharp may have. Sharp instead asks the Court to decide two issues. The Federal Rules of Civil Procedure do not permit a party to seek summary judgment on issues and Sharp has cited no authority from the Second Circuit or elsewhere to support such a novel request. Sharp instead merely cites to Federal Rule of Civil Procedure 56(a), and then asks the Court to take a piecemeal approach and make rulings on certain factual and legal issues without entering a judgment on any alleged claim.

The Second Circuit has not ruled on whether a party may seek summary judgment on an issue. But the vast majority of federal courts that have considered these types of motions have concluded they are impermissible under Rule 56. *See Franklin-Mason v. Penn*, 259 F.R.D. 9, 11 (D.D.C. 2009) (partial summary judgment as to a fact or an element of a claim is not available under Rule 56); *Greene v. Life Care Ctrs., Inc.* 586 F.Supp.2d 589, 594 (D. S.C. 2008) ("A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim"); *Evergreen Int'l v. Marinex Const. Co.*, 477 F.Supp. 2d 697, 698-99 (D.S.C. 2007)

(summary judgment must be denied where movant requests judgment on elements of a claim but not on an entire claim).[1]

In any reply, Sharp will likely emphasize that Rule 56 was amended effective December 1, 2010. But even recent cases, decided after the amendment, continue to follow the principal that parties cannot move for summary judgment on issues (as opposed to claims). *See William Powers v. Emcon Assocs., Inc.*, No. 14-CV-03006-KMT, 2017 WL 4102752, at *1 (D. Colo. Sept. 14, 2017) (motion for summary judgment on issue of alter-ego status denied because motions requesting court to decide relevant issues are inappropriate under any provision of Rule 56); *Air Express Int'l v. Log-Net, Inc.*, No. CV121732MASTJB, 2016 WL 5334659, at *6 (D.N.J. Sept. 22, 2016) (noting a number of courts have concluded that a motion for summary judgment may not properly seek to dispose of a single factual allegation or element and declining to address an issue raised by partial motion for summary judgment); *Home Design Servs., Inc. v. Schroeder Const.*, No. 09-CV-01437-WJM-GJR, 2012 WL 527202, at *1 (D. Colo. Feb. 16,

---

[1]*See also Mathewson v. Lincoln Nat'l Life Ins. Co.*, 518 F.Supp. 2d 657, 659-60 (D.S.C. 2007) (denying Plaintiff's motion for summary judgment "seeking a determination that [the defendant's] interpretation of the insurance policies is incorrect as a matter of law, but not attempting to dispose of any claim in its entirety . . . because it is an improper usage of Rule 56 of the Federal Rules of Civil Procedure."); *Nye v. Roberts*, 159 F.Supp. 2d 207, 210 (D. Md. 2001) (holding a party may not bring a motion under Fed.R.Civ.P. 56(d) for relief on part of a claim), *vacated and remanded on other grounds*, 47 Fed. Appx. 247 (4th Cir. 2002); *City of Wichita v. United States Gypsum Co.*, 828 F.Supp. 851, 868–69 (D. Kan. 1993) (holding partial summary judgment may not be invoked to dispose of only part of a claim), *aff'd in part and rev'd in part, remanded*, 72 F.3d 1491 (10th Cir. 1996); *N.J. Auto Ins. Plan v. Sciarra*, 103 F.Supp.2d 388, 396 (D.N.J. 1998) ("Nothing in this rule can be read to allow partial summary judgment on only one portion of a claim"); *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987*, 979 F. Supp. 164, 167 (E.D.N.Y. 1997) (holding court lacks authority to enter partial summary judgment on portion of single claim even where party stipulates to his or her liability on part of claim).*Arado v. Gen. Fire Extinguisher Corp.*, 626 F.Supp. 506, 508–09 (N.D. Ill. 1985) (denying motion for partial summary judgment on procedural grounds) ("Rules 56(a) and 56(b) simply do not permit the piecemealing of a single claim or the type of issue-narrowing sought here by [movant]."); *Newman-Green Inc. v. Alfonzo-Larrain*, 612 F.Supp. 1434, 1439 (N.D. Ill. 1985) (fining language in Rule 56(a) that parties seeking recovery upon claim may move for summary judgment upon all or any part thereof does not permit piecemealing of single claim); *Capital Records, Inc. v. Progress Record Distributing, Inc.* 106 F.R.D. 25, 28 (N.D. Ill. 1985) (holdingsummary judgment may not be sought on portion of one claim); *Doty v. Sun Life Assur. Co. of Canada*, No. CIV.A. H-07-3782, 2009 WL 3046955, at *1 (S.D. Tex. July 30, 2009) (denying motion for partial summary judgment because Rule 56 "does not contemplate partial summary judgment as to portions of a single claim" that "will not materially expedite the adjudication"), *report and recommendation adopted*, No. CIV.A. H-07-3782, 2009 WL 3046952 (S.D. Tex. Sept. 23, 2009); *Felix v. Sun Microsystems, Inc.*, No. CIV. JFM-03-1304, 2004 WL 911303, at *7 (D. Md. Apr. 12, 2004) ("A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim").

4

2012) ("It is well-settled that Rule 56 permits a party to seek summary judgment only as to an entire claim; a party may not seek summary judgment on a portion of a claim"); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 1134453, at *4 (E.D.N.C. Jan. 25, 2011), report and recommendation adopted, No. 5:07-CV-275-D, 2011 WL 1134447 (E.D.N.C. Mar. 24, 2011), (same). *But see Isovolta, Inc. v. ProTrans Int'l, Inc.*, 780 F.Supp.2d 776, 779 (S.D. Ind. 2011) (stating that under Rule 56 as amended the Court could consider a partial motion for summary judgment limited to the issue of the existence of a duty of care, but denying the motion on the merits).

Such a result should be expected because the portion of Rule 56 which addresses the scope of a motion for summary judgment did not materially change as part of the most recent amendment. Before 2010, Rule 56(a) provided that "[a] party claiming relief may move . . . for summary judgment on *all or part of the claim*." Fed. R. Civ. P. 56(a) (pre-2010 amendment) (emphasis added). As amended, Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense—or *the part of each claim* or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (post-2010 amendment) (emphasis added). A review of the relevant language makes clear that both before and after the 2010 amendment Rule 56(a) references moving for summary judgment on "part" of a claim. The majority of federal courts nevertheless hold that a motion for summary judgment under Rule 56 is only proper if it would result in a judgment on at least one claim. Further, all courts continue to follow the mandate of the Supreme Court decision in *Celotex* that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported *claims* or *defenses*, and we think it should be interpreted in a way that allows it to accomplish this purpose." 477 U.S. at 323-24 (emphasis added).

Sharp concedes that his motion for partial summary judgment will not dispose of any of his counterclaims. "Here, Mr. Sharp does not seek a complete summary judgement, or summary judgment on any entire counterclaim." *See* Partial Motion, p. 2. Sharp also acknowledges that his FLSA status, which he calls "the key issue on counterclaim 4," *id.*, is "intertwined with Counterclaims 1 through 3." *Id.* at p. 5. The Court should therefore deny Sharp's motion because it is procedurally improper, premature and, if granted, would only cause confusion about whether it implicates Nymbus's third cause of action and Sharp counterclaim nos. 1, 2, 3, 4 and 11. There is simply no reason or basis in the Federal Rules of Civil Procedure for the Court to decide certain issues of fact and law in the piecemeal fashion requested by Sharp.

As a fall-back, Sharp points to Rule 56(g) and argues that, if it does not grant the partial motion, then the Court can still enter an order establishing facts in the case. *See* Partial Motion, p. 5. Sharp is mistaken again because Rule 56(g) is only applicable if the Court first considers a motion properly brought under Rule 56(a). As explained in the Advisory Committee Notes, Rule 56(g) only applies "after the court has applied the general summary-judgment standard in subdivision (a) to each claim or defense on which a party moved. If the court determines that summary judgment is not warranted, then [the court has the discretion] to consider establishing undisputed material facts." *See also* 10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2737 (4th ed. 2017). In sum, Rule 56(g) does not authorize collateral motions to establish certain facts or legal conclusions. This point was emphasized in many cases decided before the provision in Rule 56(d) was moved to Rule 56(g) in the most recent amendment. *See e.g.*, *Nye*, 159 F.Supp.2d at 210 ("A party may not bring a motion under Fed.R.Civ.P. 56(d) for relief on part of a claim"); *City of Wichita*, 828 F.Supp. at 869 (noting Rule 56(d) "does not authorize an independent motion to establish certain facts as true but

merely serves to salvage some constructive result from the judicial effort expended in denying a proper summary judgment motion"); *Arado*, 626 F.Supp. at 509 ("There is no such thing as an independent motion under Rule 56(d).")  The Court should follow this precedent and decline Sharp's fall-back request to grant portions of the partial motion under Rule 56(g).  As discussed above, granting any portion of the partial motion will only complicate the presentation of evidence at trial.

2.     **The Court Should Deny Sharp's Partial Motion For Summary Judgment On The Issue Of An FLSA Exemption.**

If it considers Sharp's partial motion on substantive grounds, then the Court should deny the  motion on the issue of a purported FLSA exemption.  First, Sharp is improperly attempting to turn a straightforward breach of contract action into an FLSA claim.  Sharp alleges that he is owed $75,000 for alleged unpaid wages under the terms of his employment agreement with Nymbus. The FLSA was not designed to protect highly compensated employees like Sharp who were scheduled to earn $300,000 per year under the terms of an Employment Agreement.  "The FLSA was enacted by Congress to remedy 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well being of workers', by eliminating 'low wages and long hours'." *Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir. 1983) (*quoting Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)) (internal citations omitted).

The FLSA does not create a cause of action for unpaid wages generally, only for claims of unpaid minimum or overtime wages. *See Timm v. Advanced Eng'g Sols., Inc.*, No. A-12-CV-227 ML, 2014 WL 12649850, at *7 (W.D. Tex. Mar. 18, 2014).  Indeed, "[t]he FLSA . . . is not a vehicle for litigating breach of contract disputes between employers and employees." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1271 (11th Cir. 2016).  For this reason alone, the Court

7

should not grant partial summary judgment in favor of Sharp on his FLSA claim. *See id.* at 1271 (affirming dismissal of FLSA claim where plaintiff sought to recover over $13,000 for three weeks of alleged unpaid wages); *Timm.*, 2014 WL 12649850, at *7 (denying plaintiff's unopposed motion for summary judgment on FLSA claim seeking unpaid wages "in amount Defendants allegedly agreed to pay him"); *Brown v. Suncoast Skin Sols., Inc.*, No. 617CV515ORL28TBS, 2017 WL 2361649, at *2 (M.D. Fla. Apr. 26, 2017) (dismissing FLSA claim where plaintiff sought to recover wages at her regular rate, commissions, and reimbursement of costs pursuant to the terms of her employment contract), *report and recommendation adopted*, No. 617CV515ORL28TBS, 2017 WL 2364323 (M.D. Fla. May 30, 2017); *Culpepper Enterprises Inc. v. Parker*, No. 2016-CA-01771-COA, 2018 WL 3738178, at *7 (Miss. Ct. App. Aug. 7, 2018) (finding that the FLSA did not apply to claims where plaintiffs "assert[ed] they were not paid the full amount of their annual salaries").

Second, the Court should deny summary judgment on the issue of whether Sharp is an exempt employee under the FLSA because, at a minimum, there are genuine issues of material fact as to whether as a highly compensated employee he is exempt from the minimum and overtime requirements under the statute and applicable regulations.

Under 29 C.F.R. §541.601, a highly compensated employee is considered exempt from the FLSA if (a) the employee receives "total annual compensation" of at least $133,004 a year; and (b) "customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." The "total annual compensation" must also be paid on a "salary or fee basis" above the minimums set forth in the professional, executive, and/or administrative exemptions. *See* 29 C.F.R. §541.601(b)(1).

8

Here, it is undisputed that Sharp earned more than $134,004 per year. Indeed, his Employment Agreement initially dictated that he earn $250,000 per year before he received a $50,000 raise. There also is no dispute that Sharp, as a Chief Operating Officer, "customarily and regularly" performed at least one exempt job duty.

There are genuine issues of material fact as to whether Sharp was paid on a salary basis such that the FLSA would exclude him under the highly compensated employee exemption. In interpreting the exemption, the Court should consider the Supreme Court's recent decision in *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142 (2018), instructing courts not to interpret FLSA exemptions "narrowly" against an employer (as was done in the past) but rather to give a "fair reading" of these exemptions.

Here, a "fair reading" of the highly compensated employee exemption warrants denying summary judgment. Nymbus is aware of only one decision issued since *Encino Motorcars* in which a court had the opportunity to examine the salary basis test. That decision supports denying summary judgment in this case.

In *Roshon v. Eagle Research Grp., Inc.*, 314 F. Supp. 3d 852, 863-4 (S.D. Ohio 2018), the plaintiff, like Sharp, argued that he was a non-exempt employee despite having an employment agreement that called for the payment of an annual salary well-above the minimum required under the highly-compensated employee exemption. The court in *Roshon* stated it was interpreting the exemption under the "fair reading" standard set forth in *Encino Motorcars*. *Id*. at 858.

The plaintiff in *Roshon* argued that he was a non-exempt employee because the salary basis test was not met because he did not receive the same amount of pay on a regular basis, instead his wages varied over the course of the year based on his hours worked. *Id*. at 863. The

9

employer argued that the plaintiff should be found exempt under the highly-compensated employee exemption, noting that the plaintiff was to receive an annual salary that, if divided over 52 weeks, would well exceed the amount required under the exemption. *Id.* at 863-64. The court denied summary judgment on this issue, finding that "[a]t a minimum, the parties offer conflicting evidence, and there is a genuine issue of material fact as to whether [the plaintiff] was guaranteed a qualifying minimum weekly salary." *Id.* at 864.

Here, like in *Roshon*, a "fair reading" of the highly-compensated employee exemption should compel the Court to deny Sharp's partial motion regarding FLSA exemption. As in *Roshon*, Sharp's employment agreement called for him to receive an annual salary which, if spread out over 52 weeks, would pay him well above the amounts required by the highly compensated employee exemption. This "fair reading" of the exemption is consistent with the numerous courts which have found that disputes like the one here between a highly compensated employee and his employer over amounts allegedly due under an employment agreement are not the types of disagreements that the FLSA is designed to address. *Pioch,* 825 F.3d at 1271; *see also Mehrkar v. Schulmann*, No. 99 CIV. 10974 (DC), 2001 WL 79901, at *7 (S.D.N.Y. Jan. 30, 2001) (finding "plaintiff has alleged a breach of his employment contract, which should properly be presented to a state court"). The Court should reject any attempt by Sharp to rely on decisions that may have found that the salary basis test was not met premised on facts similar to those present here (but decided *before Encino Motorcars)* because those decisions were necessarily decided under a standard that is no longer valid.

If the Court finds that Sharp is not exempt from the FLSA, then his FLSA claim would be confined to the recovery of unpaid wages at the minimum wage of $7.25 per hour during those periods of time that he was not exempt. The FLSA does not create a right of action to recover

In *Stefanelli*, the District Court analyzed an employment contract and several other contracts governed by Connecticut law. (A true and correct copy of the employment contract is attached to the Declaration of John A. Wait as Exhibit "A").[2] Section 3 of the employment contract in *Stefanelli* obligated plaintiff's employer to pay him severance if there was a "change in control" (defined as a change in ownership of more than 50% of the employer company's equity) and plaintiff resigned for "good reason" within 12 months of the change in control.

Section 1(c) of the *Stefanelli* employment contract defined "good reason" as a:

> "significant change in STEFANELLI's duties, compensation, or benefits or change of STEFANELLI's principal work location to a place requiring more than sixty minutes driving to or from STEFANELLI's home in peak commuting hours."

Wait Declaration, Exhibit A, Section 1.

The District Court in *Stefanelli* applied Connecticut law to interpret the provisions of the employment contract and other relevant contracts. *Stefanelli* at *5. Using this analysis, the District Court concluded as a matter of law that plaintiff had resigned with "good reason" because within 12 months after the company had a change in control he was directed to move from Connecticut to North Carolina (significantly more than sixty minutes from his home). *Id.*, at *5

Unlike the plaintiff in *Stefanelli*, Texas law governs Sharp's Employment Agreement. Section 15(a) of Sharp's Employment Agreement states: "This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas without giving effect to any choice or conflict of law provision (whether the State of Texas or any other jurisdiction)."

---

[2] [2] Section 8 of the employment contract in *Stefanelli* states: "This Agreement is governed by the laws of the State of Connecticut." *See* Wait Declaration, Exhibit A, Section 8.

Also, unlike the plaintiff in *Stefanelli*, "good reason" is defined in Sharp's Employment Agreement as a material, adverse change in his authority, duty or responsibilities.

Sharp repeatedly ignores the requirement that the material change in his authority, duty or responsibilities must be *adverse*. Instead, Sharp primarily argues that his authority, duties or responsibilities changed. The Court should reject Sharp's argument because it would render the express language in his Employment Agreement meaningless. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (holding when interpreting a contract a court must "give effect to all the provisions of the contract so that none will be rendered meaningless."); *Whataburger Restaurants LLC v. Cardwell*, No. 08-13-00280-CV, 2017 WL 3167487, at *6 (Tex. App. July 26, 2017) (same).

In light of the fact that Sharp has cited law from Connecticut that is not relevant here, as well as a factually dissimilar case as his only authority, this Court should not undertake the task of assessing if Sharp had "good reason" to terminate his Employment Agreement under Texas law. Notably, in the context of cases about employment discrimination, Texas courts, as well as federal courts in the Fifth Circuit, have found that being placed on *paid administrative leave* (as is the case here) does not constitute an adverse change in employment. *See Esparza v. Univ. of Texas at El Paso*, 471 S.W.3d 903, 909-10 (Tex. App. 2015) (noting "the federal courts have consistently held that suspensions 'with pay' are not adverse employment actions"); *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 772 (5th Cir. 2009)(finding two-week paid probationary period does not constitute adverse action against employee); *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) (being placed on paid administrative leave for approximately four months does not constitute an adverse employment action).

Similarly, in *Joseph v. Leavitt*, 465 F.3d 87, 90–91 (2d Cir. 2006), the Second Circuit reviewed a District Court's dismissal of an employee's Title VII claim against his employer. The *Leavitt* court stated that the central issue on appeal was whether plaintiff had suffered an "adverse employment action" when he was placed on paid administrative leave. The Court noted that an adverse employment action occurs when a plaintiff endures a 'materially adverse change' in the terms and conditions of employment. *Id.* (citing *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000)). The Court found that several of its sister Circuits had analyzed this same issue and concluded that being placed on paid administrative leave does not constitute adverse employment action:

> Four of our sister circuits have considered whether placement on administrative leave, with pay, during an investigation constitutes an adverse employment action. Each court held that it did not. *See Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 889, 892 (8th Cir.2005) (eighty-nine day suspension pending investigation); *Peltier v. United States*, 388 F.3d 984, 986, 988 (6th Cir.2004) (administrative leave pending internal investigation and grand jury proceedings); *Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir.2001) (short administrative leave pending investigation of complaint); *Breaux v. City of Garland*, 205 F.3d 150, 154-55, 158 (5th Cir.2000) (administrative leave pending Internal Affairs investigations).

*Id.* Consistent with these holdings, the Court in *Leavitt* stated in *dicta* that being placed on paid administrative leave does not constitute an adverse employment action. This *dicta* in *Leavitt* has offered guidance to District Courts in the Second Circuit and these courts have held that being placed on paid administrative leave is not an adverse employment action. *See e.g. DeAngelis v. City of Bridgeport,* No. 3:14-CV-01618 (JAM), 2017 WL 3880762, at *9 (D. Conn. Sept. 5, 2017) (citing *Leavitt*).

This Court should deny Sharp's partial motion for summary judgment on the issue of his alleged good reason to terminate his employment agreement because Sharp has failed to cite relevant authority to support his position, he has not established that being placed on paid

administrative leave was a material adverse change to his authority, duties or responsibilities, and a review of relevant case law makes clear that (in other applicable contexts) a number of courts have held that being placed on paid administrative leave is not an adverse employment action.

## CONCLUSION

For the foregoing reasons, Nymbus, Inc., Scott Killoh, and Harry Flood respectfully request that the Court deny Sharp's motion for partial summary judgment in its entirety.

**PLAINTIFF/COUNTERCLAIMANT/ THIRD-PARTY CLAIMANT, NYMBUS, INC., SCOTT KILLOH AND HARRY FLOOD**

By: _/s/ Kathleen E. Dion_
John H. Kane (ct12273)
Kathleen E. Dion (ct28605)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: 860-275-8200
Fax: 860-275-8299
E-mail: jkane@rc.com
E-mail: kdion@rc.com

John A. Wait (*pro hac vice*)
Scott L. Vernick (*pro hac vice*)
Alexandra L. Sobel (*pro hac vice*)
Fox Rothschild LLP
101 Park Ave, 17th Floor
New York, NY 10178
Tel. 212-878-7900
Fax: 212-692-0940
Email: jwait@foxrothschild.com
Email: SVernick@foxrothschild.com
Email: ASobel@foxrothschild.com

**CERTIFICATION**

I hereby certify that on September 17, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System

*/s/ Kathleen E. Dion*
Kathleen E. Dion